FILED

SEP 23 2009

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, § § § | |
| Plaintiff, § § § | A09CA700 JN |
| v. § | Civil Action No. |
| § | |
| AT&T SERVICES, INC., D/B/A SOUTHWESTERN BELL TELEPHONE COMPANY, L.P., § § § § § | COMPLAINT AND JURY TRIAL DEMAND |
| Defendant. § § | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Michael Rappe, who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, AT&T Services, Inc. d/b/a Southwestern Bell Telephone Company, L.P., ("AT&T"), refused to hire Mr. Rappe in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a), because it regarded him as disabled and because of his actual disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, AT&T has continuously been a Delaware corporation doing business in the State of Texas and the City of Austin, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant, AT&T has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant, AT&T has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Michael Rappe filed a charge with the Commission alleging violations of Title I of the ADA by Defendant, AT&T.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. In or about February 2007, Defendant, AT&T, engaged in unlawful employment practices at its Austin and other Texas locations, in violation of Section 102 of Title I of the

ADA, 42 U.S.C. §§ 12112 *et seq*. These practices include the following:

(a) AT&T failed to hire Michael Rappe, in violation of Section 102(a) of the ADA, 42 U.S.C. § 12112(a), because it regarded him as disabled due to his being an insulin dependent diabetic and because of his actual disability.

10. The effect of the practices complained of in paragraph nine (9) above has been to deprive Michael Rappe of equal employment opportunities and to otherwise adversely affect his status as applicant for employment because of his perceived and actual disability.

11. The unlawful employment practices complained of in paragraph nine (9) above were intentional.

12. The unlawful employment practices complained of in paragraph nine (9) above were done with malice or with reckless indifference to the federally protected rights of Michael Rappe.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, AT&T, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from refusing to hire any qualified applicant for employment because they are perceived as disabled or because of their actual disability, and engaging in any other employment practice which discriminates on the basis of their perceived and actual disability;

B. Order Defendant, AT&T to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C.  Order Defendant, AT&T to make whole Michael Rappe by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of Michael Rappe, or front pay in lieu thereof;

D.  Order Defendant, AT&T to make whole Michael Rappe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph nine (9) above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

E.  Order Defendant, AT&T to make whole Michael Rappe by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph nine (9) above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.  Order Defendant, AT&T to pay Michael Rappe punitive damages for engaging in discriminatory practices with malice or reckless indifference described in paragraph nine (9) above, in an amount to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
ROBERT A. CANINO w/ permission by Eduardo Juarez
Regional Attorney
Oklahoma State Bar No. 011782

_____
JUDITH G. TAYLOR w/ permission by Eduardo Juarez
Supervisory Trial Attorney
Texas Bar No. 19708300
E-mail: judith.taylor@eeoc.gov

_____
EDWARD JUAREZ
Senior Trial Attorney
Texas Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7613
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**